United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CAROL G.,[1] | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | No. 4:26-cv-2706 |
| FRANK BISIGNANO, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
| *Defendant.* | § | |

**MEMORANDUM AND ORDER**

Plaintiff Carol G. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. ECF No. 1.[2] Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act"). In her motion for summary judgment, Plaintiff seeks an order remanding the case for an award of benefits or further consideration, arguing the ALJ used the incorrect severity standard at Step Two, improperly inserted her lay opinion, inconsistently evaluated the symptom evidence, and failed to cure the reviewing physicians' inconsistencies. Pl.'s Mot., ECF No. 12.

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The parties consented to this Court's jurisdiction. Order, ECF No. 6.

Defendant does not address Plaintiff's arguments but requests the Court reverse and remand the case to the Commissioner. Def.'s Mot., ECF No. 15. Plaintiff does not oppose Defendant's motion. ECF No. 15. Based on the record and the applicable law, the Court finds Defendant's motion to reverse and remand should be granted.

## I. BACKGROUND

Plaintiff is 66 years old. R. 109.[3] Plaintiff alleges a disability onset date of December 31, 2015. R. 31. Plaintiff claims she suffers physical impairments. R. 31, 109. On September 27, 2021, Plaintiff filed her application for disability insurance benefits under Title II of the Act. R. 31. The Commissioner denied her claim initially and on reconsideration. R. 31.

A hearing was held before an Administrative Law Judge ("ALJ"). R. 61. An attorney represented Plaintiff at the hearing. Plaintiff and a vocational expert ("VE") testified at the hearing. The ALJ issued a decision denying Plaintiff's claims for benefits.[4] R. 28–38. The Appeals Council denied Plaintiff's request for review, affirming the ALJ's denial of benefits. R. 19–21. Plaintiff filed this action, appealing the determination. ECF No. 1.

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 8.

[4] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). The ALJ here determined Plaintiff was not disabled at step three. R. 38. At step three, the ALJ found that claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments, and therefore, was not disabled. R. 34.

## II. REMAND IS APPROPRIATE.

Defendant requested the Court reverse and remand the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings and enter a final judgment. ECF No. 10. Defendant stated that Plaintiff does not oppose the motion. *Id.* at 4.

A district court, reviewing final agency decisions on Social Security benefits, may remand only pursuant to sentence four[5] or sentence six[6] of § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). A sentence four remand "authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting § 405(g), sentence four) (quotations removed). Also, for a sentence four remand, the district court has the power to enter the order "upon the pleadings and transcript of record." 42 U.S.C. 405(g). "The Supreme Court has noted that a remand for further administrative proceedings, such as the requested remand in the instant case,

---

[5] Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), sentence four.

[6] Sentence six provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g), sentence six. A sentence six remand "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala*, 509 U.S. at 297 n.2 (citing § 405(g), sentence six). Because the Commissioner already answered, ECF No. 8, and has not presented any new evidence, ECF No. 15, sentence six is not applicable here.

is a sentence four remand." *Colene G. v. Kijakazi*, No. 4:23-CV-460, 2023 WL 4494361, at *2 (S.D. Tex. July 12, 2023) (cleaned up). A sentence four remand requires entry of a judgment. *Id.*

Here, Defendant requests reversal and remand for further administrative proceedings. ECF No. 15. A request for reversal and remand based on a request for further administrative proceedings is equivalent to the need for further factfinding and is thus proper pursuant to § 405(g). *Id.* Therefore, pursuant to § 405(g), reversal and remand are proper along with entry of a final judgment. *See id.*; *see also Judge H. v. Comm'r of Soc. Sec.*, No. 4:21-CV-3595, 2022 WL 16577317, at *2–3 (S.D. Tex. Oct. 31, 2022).

## III. CONCLUSION

The Court **ORDERS** that Defendant's motion to reverse and remand, ECF No. 15, is **GRANTED**. Accordingly, the Commissioner's determination that Plaintiff is not disabled is **REVERSED**. This case is **REMANDED** to the Commissioner for further proceedings. Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice** and Plaintiff's motion for summary judgment, ECF No. 12, is **DENIED** as moot. The Court will enter a separate final judgment.

**SIGNED** at Houston, Texas, on October 20, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**